# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CRIMINAL ACTION NO. 3:96CR-107-R

**ROBERT LAMONT DENNIS**  MOVANT/DEFENDANT

v.

**UNITED STATES OF AMERICA**  RESPONDENT/PLAINTIFF

## MEMORANDUM AND ORDER

Movant Robert Lamont Dennis was convicted in 1997 for being a felon in possession of a firearm and ammunition and sentenced to 234 months in prison, to run consecutively with his state sentence, and supervised release for 5 years. On June 21, 2010, Movant filed a document captioned, "Petition to redress the court for a grievance of violation of constitutional rights." Therein, Movant alleges that the Court "inflicted a punishment upon him without a judicial trial." Movant further alleges that the Court misconstrued 18 U.S.C. § 922(g) because the statute should not have applied to him and that the statute violates the Separation of Power Doctrine and the Ex Post Facto Clause of the U.S. Constitution. Because Movant is challenging his conviction on constitutional grounds, the Court construes this action as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Review of the Court's records reveals that Movant filed a previous § 2255 motion challenging his conviction in 2000 (DN 54). "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ."); *see also In re Hanserd*, 123 F.3d 922, 934

(6th Cir. 1997) (explaining that "[i]nmates who wish to file a second or successive motion to vacate sentence should first file a motion in [the Sixth Circuit] requesting permission under 28 U.S.C. §§ 2244, 2255").

Movant has failed to obtain panel certification prior to filing the instant motion in the district court.

Therefore, **IT IS ORDERED** that the motion to vacate, set aside, or correct sentence filed pursuant to § 2255 is **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.[1]

Date:


cc: Movant, *pro se*
United States Attorney
Clerk, Sixth Circuit
4413.010

---

[1]*See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]e hold that when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").